ALEXANDER, J. and JABAR, J.,
concurring in part and dissenting in part.
[¶ 23] We concur that we must vacate the judgment of conviction in this appeal. However, on remand we would order entry of judgment for Reynolds.
[¶ 24] The Court’s opinion accurately demonstrates that Ronnie Reynolds’s offenses were committed and he was convicted and sentenced for those offenses at a time before the sanctions and costs imposed by the Sex Offender Registration and Notification Act (SORNA), 34-A M.R.S. §§ 11203, 11222 (2014), and its pri- or versions were part of criminal sentencing or were later amended to become “civil” sanctions applied to his offenses.
[¶ 25] However, as we wrote in Doe I v. Williams, 2013 ME 24, ¶¶ 85-103, 61 A.3d 718 (Silver, J., dissenting), application of the SORNA requirements is a punitive sanction that constitutes punishment for violation of laws. As such, after-the-fact application of the SORNA sanctions and costs to enhance the penalties originally available for Reynolds’s offenses is viola-tive of the prohibitions on ex post facto application of penalty enhancements contained in article I, section 11 of our Maine Constitution! and article I, section 9 of the U.S. Constitution. See Doe I, ¶¶ 87-103. Rather than repeat that analysis here, we incorporate those paragraphs of Doe I by reference into this opinion.
[¶ 26] Because application of SORNA to enhance the penalties originally imposed on Reynolds is violative of the prohibitions on ex post facto laws in our state and federal constitutions, we would vacate the conviction and remand for entry of judgment for the defendant.